# EXHIBIT A

FREDRIC S. KARPF, ESQUIRE
HOFFMAN, STERNBERG, KARPF & LYNCH, LLC
737 SECOND STREET PIKE
SOUTHAMPTON, PA 18966
(215) 953-8955
IDENTIFICATION NO. 76294

MAJOR JURY
JURY TRIAL DEMANDED

ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| DONNA CARISTO<br>2807 Nightingale Road<br>Philadelphia, PA 19154 | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br>TRIAL DIVISION |
| vs. | FEBRUARY TERM, 2024 |
| PENNSYLVANIA CVS PHARMACY, LLC<br>d/b/a CVS/ pharmacy #2170<br>CT Corporation System<br>600 North Second Street, Suite 401<br>Harrisburg, PA 17101 | NO. 02526 |
| and | |
| CVS PHARMACY, INC<br>CT Corporation System<br>600 North Second Street, Suite 401<br>Harrisburg, PA 17101 | |
| and | |
| JOHN DOE1, name being fictitious<br>(Representing fictitious / unknown<br>Defendant) | |

Filed and Attested by the
Office of Judicial Records
15 MAR 2024 09:22 am
S. GILLIAM

**PRAECIPE TO REINSTATE COMPLAINT**

TO THE PROTHONOTARY:

Kindly reinstate the Complaint in the above captioned matter for an additional 30 days.

Fredric S. Karpf
FREDRIC S. KARPF, ESQUIRE
Attorney for Plaintiffs

FREDRIC S. KARPF, ESQUIRE
HOFFMAN, STERNBERG, KARPF & LYNCH, LLC
737 SECOND STREET PIKE
SOUTHAMPTON, PA 18966
(215) 953-8955
IDENTIFICATION NO. 76294

MAJOR JURY
JURY TRIAL DEMANDED

Filed and Attested by the
Office of Judicial Records
22 FEB 2024 09:15 am
A. SILIGRINI

ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| DONNA CARISTO<br>2807 Nightingale Road<br>Philadelphia, PA 19154<br><br>vs.<br><br>PENNSYLVANIA CVS PHARMACY, LLC<br>d/b/a CVS/ pharmacy #2170<br>CT Corporation System<br>600 North Second Street, Suite 401<br>Harrisburg, PA 17101<br><br>and<br><br>CVS PHARMACY, INC<br>CT Corporation System<br>600 North Second Street, Suite 401<br>Harrisburg, PA 17101<br><br>and<br><br>JOHN DOE1, name being fictitious<br>(Representing fictitious / unknown<br>Defendant) | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br>TRIAL DIVISION<br><br>FEBRUARY TERM, 2024<br><br>NO. |

Filed and Attested by the
Office of Judicial Records
15 MAR 2024 09:22 am
S. GILLIAM

CIVIL ACTION
2S – PREMISES LIABILITY – SLIP & FALL

| **NOTICE** | **AVISO** |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidias y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perer dinero o sus propiedades u otros derechos importantes para usted.<br><br>*Lleva esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telephono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |

| | |
|---|---|
| Philadelphia Bar Association<br>Lawyer Referral<br>and Information Service<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197 | Asociacion de Licenciados<br>de Filadelfia<br>Servicio de Referencia e<br>Informacion Lega<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197 |

FREDRIC S. KARPF, ESQUIRE
HOFFMAN, STERNBERG, KARPF & LYNCH, LLC
737 SECOND STREET PIKE
SOUTHAMPTON, PA 18966
(215) 953-8955
IDENTIFICATION NO. 76294

MAJOR JURY
JURY TRIAL DEMANDED

ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| DONNA CARISTO<br>2807 Nightingale Road<br>Philadelphia, PA 19154 | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br>TRIAL DIVISION |
| vs. | FEBRUARY TERM, 2024 |
| PENNSYLVANIA CVS PHARMACY, LLC<br>d/b/a CVS/ pharmacy #2170<br>CT Corporation System<br>600 North Second Street, Suite 401<br>Harrisburg, PA 17101 | NO. |
| and | |
| CVS PHARMACY, INC<br>CT Corporation System<br>600 North Second Street, Suite 401<br>Harrisburg, PA 17101 | |
| and | |
| JOHN DOE1, name being fictitious<br>(Representing fictitious / unknown<br>Defendant) | |

CIVIL ACTION

1. Plaintiff, DONNA CARISTO, is an individual who currently reside at 2807 Nightingale Road, Philadelphia, Pennsylvania 19154.

2. Defendant, PENNSYLVANIA CVS PHARMACY, LLC d/b/a CVS/ pharmacy #2170 (hereinafter, "PENNSYLVANIA CVS"), is a limited liability company authorized to conduct business within the Commonwealth of Pennsylvania, which regularly conducts business within the

City and County of Philadelphia and maintains an address for service of process at c/o CT Corporation System, 600 North Second Street, Suite 401, Harrisburg, Pennsylvania 17101.

3. At all times material to this Civil Action, Defendant, PENNSYLVANIA CVS, acted or failed to act as an agent, servant, workman and/or employee of Defendants, CVS PHARMACY, INC and/or JOHN DOE1, which was then and there acting within the course and scope of its employment with said Defendants and in furtherance of the business of said Defendants.

4. In the alternative, at all times material to this Civil Action, Defendant, PENNSYLVANIA CVS, acted or failed to act individually and/or through its agents, servants, workmen and/or employees who were then and there acting within the course and scope of their employment with said Defendant and in furtherance of the business of said Defendant.

5. Defendant, CVS PHARMACY, INC, is a corporation authorized to conduct business within the Commonwealth of Pennsylvania, which regularly conducts business within the City and County of Philadelphia and maintains an address for service of process at c/o CT Corporation System, 600 North Second Street, Suite 401, Harrisburg, Pennsylvania 17101.

6. At all times material to this Civil Action, Defendant, CVS PHARMACY, INC, acted or failed to act as an agent, servant, workman and/or employee of Defendants, PENNSYLVANIA CVS and/or JOHN DOE1, which was then and there acting within the course and scope of its employment with said Defendants and in furtherance of the business of said Defendants.

7. In the alternative, at all times material to this Civil Action, Defendant, CVS PHARMACY, INC, acted or failed to act individually and/or through its agents, servants, workmen and/or employees who were then and there acting within the course and scope of their employment with said Defendant and in furtherance of the business of said Defendant.

8. Defendant, JOHN DOE1, is an unknown and "fictitious" individual and/or corporation who is named as a Defendant in this Complaint pursuant to Pennsylvania Rule of Civil Procedure 2005.

9. Plaintiff avers that a reasonable search to determine the actual name of Defendant, JOHN DOE1, has been conducted in that all available documentation has been reviewed, which failed to accurately referenced the individual or business entity that owned, leased, operated, managed, maintained, repaired, cleaned, staffed, supervised, controlled and/or had dominion of the property, referenced hereinbelow, where Plaintiff, DONNA CARISTO, fell.

10. At all times material to this Civil Action, Defendant, JOHN DOE1, acted or failed to act as an agent, servant, workman and/or employee of Defendants, PENNSYLVANIA CVS and/or CVS PHARMACY, INC, which was then and there acting within the course and scope of their employment with said Defendants and in furtherance of the business of said Defendants.

11. In the alternative, at all times material to this Civil Action, Defendant, JOHN DOE1, acted or failed to act individually or through its agents, servants, workmen and/or employees who were then and there acting within the course and scope of their employment with said Defendant and in furtherance of the business of said Defendant.

12. Defendants, PENNSYLVANIA CVS, CVS PHARMACY, INC. and JOHN DOE1, shall be collectively referred to, hereinafter, as the "DEFENDANTS".

13. At all times relevant hereto, the DEFENDANTS, individually and/or collectively, owned, leased, operated, managed, maintained, repaired, cleaned, staffed, supervised, controlled and/or had dominion over the property located at 3331 Grant Avenue, Philadelphia, Pennsylvania 19114 (hereinafter, the "PROPERTY"), upon which the DEFENDANTS owned, operated, managed, maintained, possessed and/or controlled a store and pharmacy more commonly referred to CVS

Pharmacy (hereinafter, the "PHARMACY"), which PROPERTY and PHARMACY were open to the general public and business invitees such as Plaintiff, DONNA CARISTO.

14. At all times material to this Civil Action, the DEFENDANTS had the duty, by and through their respective trustees, directors, agents, servants, workmen, employees and/or other representatives acting within the course and scope of their employment with the DEFENDANTS, to design, construct, own, lease, operate, manage, possess, control, inspect, repair, clean, staff, supervise and/or maintain the PROPERTY and PHARMACY in a reasonably safe condition for persons lawfully upon the PROPERTY and within the PHARMACY, including but not limited to the Plaintiff, DONNA CARISTO.

15. On or about March 30, 2022 at approximately 2:00 p.m., Plaintiff, DONNA CARISTO, was a customer and/or business invitee upon the PROPERTY and within the PHARMACY and was attempting to turn from one aisle into another aisle that were both open to business invitees, when she was caused to sustain serious and permanent injuries due to the dangerous and defective condition that existed on the PROPERTY and within the PHARMACY, more specifically, stock and/or sale items that were either allowed and/or permitted to remain on the floor of the PHARMACY or protrude from a sales display, which caused the Plaintiff to trip, stumble and fall to the floor with her right arm underneath her.

16. As a direct result of the aforementioned incident, Plaintiff, DONNA CARISTO, sustained severe and permanent internal and external injuries in and about her body and limbs, more specifically: traumatic tear of the right (dominant) rotator cuff confirmed by MRI requiring future surgical repair; focal full-thickness tear of the right (dominant) anterior supraspinatus tendon confirmed by MRI requiring future surgical repair; undersurface tear of the right (dominant) infraspinatus tendon confirmed by MRI requiring future surgical repair; right (dominant) adhesive

capsulitis confirmed by MRI requiring future surgical repair; tendinosis of the right (dominant) supraspinatus and infraspinatus tendons confirmed by MRI; effusion of the right (dominant) glenohumeral joint; right shoulder sprain and strain; right arm sprain and strain; right elbow sprain and strain; nose abrasions; chin abrasions and a severe and permanent shock to her nervous system, all of which have caused her and will continue to cause her great pain and agony, and will continue to prevent her in the future from attending to her daily duties and occupations, all to her great financial damage and loss.

17. As a direct result of the aforementioned incident and the injuries sustained therein, Plaintiff, DONNA CARISTO, was forced to obtain medical treatment and incur various medical expenses which are ongoing and continuing.

18. As a direct result of the aforementioned incident and the injuries sustained therein, Plaintiff, DONNA CARISTO, has and may suffer an impairment of her earning capacity and power.

## COUNT I
## DONNA CARISTO v. DEFENDANTS
(Negligence)

19. Plaintiff, DONNA CARISTO, incorporates herein by reference the averments contained in paragraphs 1 through 18 inclusive, as fully as though the same were herein set forth at length.

20. At the time of the above referenced incident, the DEFENDANTS, acting as aforesaid, had negligently and/or carelessly allowed the PROPERTY and the interior of the PHARMACY to deteriorate so, that it was in an unsafe condition and imposed a danger to business invitees such as the Plaintiff. More specifically, said DEFENDANTS:

A. Created a dangerous and defective condition which they knew or should have known about;

B. Allowed the dangerous and defective condition to exist which they knew or should have known about;

C. Failed to inspect for the dangerous and defective condition which they knew or should have known about;

D. Failed to correct the dangerous and defective condition which they knew or should have known about;

E. Failed to warn Plaintiff of the aforesaid dangerous and defective condition which they knew or should have known about;

F. Failed to train its employees to avoid and/or prevent the aforesaid dangerous and defective condition which they knew or should have known about;

G. Failed to supervise its employees to avoid and/or prevent the aforesaid dangerous and defective condition which they knew or should have known about;

H. Failed to follow safety procedures in effect at the time of the Plaintiff's fall;

I. Failed to create, disseminate and enforce appropriate safety procedures to avoid and/or prevent the aforesaid dangerous and defective condition;

J. Failed to keep the floor and/or aisles with the PHARMACY, that were open to business invitees, clear from stock and/or clutter;

K. Failed to stock their shelves and/or displays in a manner that assured tripping hazzard were not created and/or allowed to exist;

L. Violated the pertinent provisions of the Statutes of the Commonwealth of Pennsylvania and local Municipal Ordinances;

M. Was otherwise negligent at law.

21. The above referenced unsafe condition of the PROPERTY and the interior of the PHARMACY were the proximate cause of the injuries Plaintiff, DONNA CARISTO, sustained on March 30, 2022.

WHEREFORE, Plaintiff, DONNA CARISTO, demands judgment against the Defendants, PENNSYLVANIA CVS, CVS PHARMACY, INC. and/or JOHN DOE1, jointly and severally, in an amount in excess of Fifty Thousand Dollars, ($50,000.00) plus interest and costs.

/s/ Fredric S. Karpf
FREDRIC S. KARPF, ESQUIRE
Attorney for Plaintiff

Dated: February 21, 2024

# VERIFICATION

DONNA CARISTO verifies that the statements made in this Pleading are true and correct. Verifier understands that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsifications to authorities.

DocuSigned by:
Donna Caristo
888AAD0020694EE...
DONNA CARISTO

Dated: 2/21/2024